UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:04-CR-15-1-BO
No. 2:09-CV-55-BO

| | |
|---|---|
| THOMAS T. S. KEARNEY, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____) | ORDER |

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255; Motion for Extension of Time; Motion for Psychological Evaluation; and Respondent's Motion to Dismiss. For the reasons below, Petitioner's Motion for Extension of Time is GRANTED. Petitioner's Motion to Vacate and Motion for Psychological Evaluation are DENIED. Respondent's Motion to Dismiss is GRANTED.

BACKGROUND

Petitioner was indicted for robbery of a postal carrier and use of a firearm during a crime of violence. At Petitioner's arraignment on August 30, 2004, Petitioner initially entered a plea of not guilty. Petitioner also made an oral motion for a mental competency evaluation, which this Court denied. Petitioner changed his mind the following day and entered a guilty plea to both counts at an ensuing Rule 11 hearing. The Court found that Petitioner had received the effective assistance of counsel, that he understood the nature of the proceedings, and that he was competent to enter a plea, and that his plea was knowing and voluntary.

Nearly one month later, Petitioner filed a *pro se* motion seeking to withdraw his plea of

guilty, asserting several grounds that reappear in his post-conviction pleadings, including lack of capacity and ineffective assistance of counsel. In an October 20, 2004 Order, this Court rejected each of Petitioner's claims, and found that Petitioner "made no mention of his mental condition to the Court at his plea hearing" and that his counsel "acted competently at the time the plea was entered." D.E. #42. Petitioner was sentenced on February 18, 2005, to 120 months imprisonment as to Count 1 and 84 consecutive months imprisonment as to Count 2. Petitioner appealed his sentence, raising two grounds on appeal: a violation of Rule 11 at arraignment and reasonableness of the sentence. The United States Court of Appeals for the Fourth Circuit denied Petitioner's appeal, affirmed this Court's sentence as reasonable and after "review[ing] the entire record, found no meritorious issue for appeal." *United States v. Kearney*, 199 Fed. Appx. 291, 294 (4th Cir. Sep. 12, 2006).

Petitioner filed this Motion to Vacate pursuant to 28 U.S.C. § 2255, raising nine grounds for relief, as as well as a Motion for Extension of Time and Motion for Psychological Evaluation.

## DISCUSSION

### Motion for Extension of Time

For good cause shown, Petitioner's Motion for Extension of Time is GRANTED. This Court will accept as part of the record the affidavits filed by Petitioner, including the affidavit filed with Petitioner's Motion for Extension of Time.

### Motion to Vacate pursuant to 28 U.S.C. § 2255

In order to prevail in a claim for ineffective assistance of counsel, a petitioner must show that his attorney's representation fell below an objective standard of reasonableness and that, but for that deficiency, the result would have been different. *Strickland v. Washington*, 466 U.S. 668,

2

687-91, 694 (1984). Failure to satisfy either standard is fatal to an ineffective assistance claim and must result in dismissal. *Id.* at 691.

The first six grounds raised in Petitioner's Motion to Vacate all allege errors that occurred prior to the Court's order denying Petitioner's motion to withdraw his guilty plea, and this Court specifically determined that defense counsel had acted competently in the case. Grounds one through five allege ineffective assistance of counsel at times leading up to or during Petitioner's change of plea hearing. Ground six alleges ineffective assistance of counsel with respect to Petitioner's motion to withdraw his guilty plea which defense counsel refused to endorse. *See* D.E. #42 ("[T]he Court finds that Defendant's counsel acted competently at the time the plea was entered.") Moreover, Petitioner has not presented any new or additional material claims or factual support for his contention, that this Court has already rejected. Other than Petitioner's conclusory allegations, there is no evidence to suggest his counsel's law work fell below an objective standard of reasonableness. Petitioner has thus failed to meet either prong of *Strickland* and grounds one through six are therefore DISMISSED.

Petitioner's grounds seven through nine are also based on ineffective assistance of counsel. Grounds seven and eight, challenge his attorneys effectiveness at sentencing and on appeal. Tactical decisions regarding trial strategy are left to the sound judgment of counsel and are entitled to a "strong presumption" of competence. *Strickland v. Washington*, 466 U.S. at 689; *see also Bell v. Cone*, 535 U.S. 685, 698 (2002). In this case, Petitioner's § 2255 motion is devoid of the factual basis that is required to show that counsel's tactics were manifestly unreasonable. With respect to alleged deficiencies in counsel's sentencing argument, Petitioner has not shown why the sentencing enhancements applied to him are anything but justified under

3

the relevant conduct rules of the Sentencing Guidelines § 1B1.3; nor has he shown how any possible "double counting" could have actually prejudiced him in light of the fact that the instant sentence was ordered to run concurrently with the sentence in the related case in the Eastern District of Virginia. Petitioner also cannot show how counsel's work, including filing a number of objections to the pre-sentence report and getting him a three level downward adjustment for acceptance of responsibility, fell below an objective standard of reasonableness. Therefore, Petitioner has again failed to meet either prong of *Strickland* and his Motion to Vacate on grounds seven and eight is DENIED.

The final argument Petitioner makes is that trial counsel failed to get in writing from the Government that they intended to consider a sentence reduction, as allegedly promised. Further, Petitioner argues neither trial counsel or appellant counsel "push[ed] for motion after sentence for reduction of sentence." This claim by Petitioner is wholly without merit. The authority to move for a downward departure lies within the sole discretion of the Government. *See United States v. Butler*, 272 F.3d 683, 686 (4th Cir. 2001). Petitioner was also asked at his sentencing whether he was promised anything in return for his plea and he said he was not. Further, this Court's sentence was within the guideline range and the Fourth Circuit held on appeal that the sentence was reasonable. *Kearney*, 199 Fed. Appx. 291, 293-94. Therefore, Petitioner's Motion is DENIED.

Motion for Psychological Evaluation

Petitioner has filed a litany of medical documents in support of his Motion for Psychological Evaluation. While these records indicate that he has a history of mental issues, nothing in the records or medical reports suggest that Petitioner may not have been competent at

time he committed the armed robbery, or at his Rule 11 hearing, where the Court specifically found him competent to enter his guilty plea.

Moreover, Petitioner's § 2255 motion and Motion for Psychological Evaluation attempts to blame defense counsel for issues that were Petitioner's own making. Petitioner complains that counsel did not adequately investigate his mental condition, but the record discloses that when Petitioner was given an opportunity to discuss his mental state with the Probation Officer during preparation of the presentence report, he was uncooperative and "declined to discuss his mental or emotional health." *See Petitioner's Pre-Sentence Report* ¶ 60. Thus, Petitioner's Motion is DENIED.

## CONCLUSION

Accordingly, Petitioner's Motion for Extension of Time is GRANTED. Petitioner's Motion to Vacate is DENIED. Petitioner's Motion for Psychological Evaluation is DENIED. Respondent's Motion to Dismiss is GRANTED.

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). Because reasonable jurists would not find Petitioner's claims debatable, a certificate of appealability is DENIED.

5

SO ORDERED.

This 17 day of June, 2010.

                                  *[signature]*
                                  TERRENCE W. BOYLE
                                  UNITED STATES DISTRICT JUDGE