UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 2:04-CR-15-BO
No. 2:09-CV-55-BO

THOMAS KEARNEY,           )
                          )
        Petitioner,       )
                          )
    v.                    )    O R D E R
                          )
UNITED STATES OF AMERICA, )
                          )
        Defendant.        )
_____)

This matter is before the Court on Petitioner's Motion to Correct Clerical Errors; Motion for Reconsideration; Motion to Expand the Record; and Motion Questioning Evidentiary Support. For the reasons below, Petitioner's Motion to Correct Clerical Errors is GRANTED IN PART and DENIED IN PART. Petitioner's other motions are DENIED.

## BACKGROUND

Petitioner was indicted for robbery of a postal carrier and use of a firearm during a crime of violence. At Petitioner's arraignment on August 30, 2004, Petitioner initially entered a plea of not guilty. Petitioner also made an oral motion for a mental competency evaluation, which this Court denied. Petitioner changed his mind the following day and entered a guilty plea to both counts at an ensuing Rule 11 hearing. The Court found that Petitioner had received the effective assistance of counsel, that he understood the nature of the proceedings, and that he was competent to enter a plea, and that his plea was knowing and voluntary.

Nearly one month later, Petitioner filed a pro se motion seeking to withdraw his plea of guilty, asserting several grounds that reappear in his post-conviction pleadings, including lack of

capacity and ineffective assistance of counsel. In an October 20, 2004 Order, this Court rejected each of Petitioner's claims, and found that Petitioner "made no mention of his mental condition to the Court at his plea hearing" and that his counsel "acted competently at the time the plea was entered." D.E. #42. Petitioner was sentenced on February 18,2005, to 120 months imprisonment as to Count 1 and 84 consecutive months imprisonment as to Count 2. Petitioner appealed his sentence, raising two grounds on appeal: a violation of Rule 11 at arraignment and reasonableness of the sentence. The United States Court of Appeals for the Fourth Circuit denied Petitioner's appeal, affirmed this Court's sentence as reasonable and after "review[ing] the entire record, found no meritorious issue for appeal." *United States v. Kearney*, 199 Fed. Appx. 291, 294 (4th Cir. Sep. 12, 2006). Petitioner filed a Motion to Vacate pursuant to 28 U.S.C. § 2255, raising nine grounds for relief, as well as a Motion for Extension of Time and Motion for Psychological Evaluation. This Court denied these motions on June 14, 2010.

## DISCUSSION

Petitioner raises a number of issues in his Motion to Correct Clerical Errors, most of these issues are not clerical errors, but rather his argument of the case that this Court has already ruled on. However, Petitioner is correct that there was a clerical error in the June 14, 2010 Order. Petitioner was asked at his Rule 11 hearing, not at sentencing, whether he was promised anything in return for his plea and he said he was not. The record should reflect this correction. In all other respects, Petitioner's Motion is simply re-arguing his § 2255 and is without merit. Therefore, Petitioner's Motion to Correct Clerical Errors is GRANTED IN PART and DENIED IN PART.

Petitioner also filed a Motion for Reconsideration. Petitioner's argument is presumably the same as those made as part of his Motion to Correct Clerical Errors. These arguments were

previously fully considered and properly denied. As such, Petitioner's Motion for Reconsideration is DENIED.

Petitioner also made a Motion to Expand the Record because he believes this Court did not specifically include all his arguments and wants them to be reviewed on appeal to the United States Court of Appeals for the Fourth Circuit. If Petitioner files an appeal, the Fourth Circuit receives whatever Petitioner files and is also able to review the entire record and not simply the Orders from this Court. As such, this Motion to Expand the Record is superfluous and DENIED.

Finally, Petitioner filed a Motion Questioning Evidentiary Support. As Petitioner notes, this Court did allow his submission of affidavits. However, the affidavits he submitted do not show what he proclaims and can be weighed against the other evidence already before this Court. As such, Petitioner's Motion Questioning Evidentiary Support is DENIED.

## CONCLUSION

For the reasons above, Petitioner's Motion to Correct Clerical Errors is GRANTED IN PART and DENIED IN PART. Petitioner's Motion for Reconsideration; Motion to Expand the Record; and Motion Questioning Evidentiary Support are DENIED.

SO ORDERED.

This 5 day of August, 2010.

*[signature]*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE