UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 2:04-CR-15-BO
No. 2:09-CV-55-BO

| | |
|---|---|
| THOMAS KEARNEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the Court on Petitioner's Motion to Correct Clerical Errors, Motion to Compel Disclosure/Discovery of Evidence, Motion to Add or Amend Finding of Fact Civil Rule 52(b), Motion to Expand the Record, Motion Sur Provision of the Docket Text Report and Criminal Docket, Motion for Reconsideration, and Motion for Certificate of Appealability. Petitioner's motions are DENIED.

## BACKGROUND

Petitioner was indicted for robbery of a postal carrier and use of a firearm during a crime of violence and sentenced on February 18, 2005 to a total of 204 months in prison. The United States Court of Appeals affirmed this Court's sentence as reasonable and after "review[ing] the entire record, found no meritorious issue for appeal." *United States v. Kearney*, 199 Fed. Appx. 291, 294 (4th Cir. Sep. 12, 2006).

Petitioner then filed a Motion to Vacate pursuant to 28 U.S.C. § 2255, raising nine

grounds for relief, as well as a Motion for Extension of Time and Motion for Psychological Evaluation. This Court denied these motions on June 14, 2010. Subsequently, the Defendant filed a Motion to Correct Clerical Errors, Motion for Reconsideration, Motion to Expand the Record, and Motion Questioning Evidentiary Support. On August 6, 2010, the Court granted this motion in part, finding a minor clerical error, and denied the rest of the motions, finding they simply reargued his § 2255 motion. The Court is now faced with a third batch of motions from the Petitioner under § 2255.

## Discussion

The Court finds that the petitioner is abusing the writ of Habeas Corpus. According to Rule 9(b) of the Rules Governing § 2254 Cases and § 2255 Proceedings in the United States District Courts:

> A second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ.

This is Petitioner's third set of motions under § 2255. The first two sets contained similar arguments and were denied on the merits. In addition, the Petitioner lost the opportunity to present new arguments when he failed to include them in his original § 2255 petition.

In Conclusion, Petitioner's motions are DENIED.

SO ORDERED.

This _15_ day of ~~August~~ September, 2010.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE