IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:04-CR-15-BO
No. 2:09-CV-55-BO

| | |
|---|---|
| THOMAS TRAY SHARMONE KEARNEY, )<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA )<br>Respondent ) | ORDER |

This matter is before the Court on Petitioner's Motion to Compel Fiduciary Duty Owed by the US Attorney and US Probation Officer [DE 134]. The Government has responded [DE 138], Petitioner has replied [DE 139], and the matter is ripe for review. For the reasons discussed below, Petitioner's Motion to Compel is denied.

## BACKGROUND

Petitioner was indicted for robbery of a postal carrier and use of a firearm during a crime of violence and sentenced on February 18, 2005, to a total of 204 months in prison. Petitioner's sentence was affirmed on appeal by the Fourth Circuit as reasonable. Petitioner subsequently filed a Motion to Vacate, Set Aside, or Correct Judgment pursuant to 28 U.S.C. § 2255. The Court denied Petitioner's § 2255 motion as well as his Motion for Extension of Time and Motion for Psychological Evaluation on June 14, 2010. On August 6, 2010, the Court corrected a minor clerical error and denied Petitioner's motions for reconsideration, to expand the record, and questioning evidentiary support. On September 16, 2010, the Court denied a subsequent set of filings by Petitioner, finding that they constituted an abuse of the writ of habeas corpus and were,

in essence, attempts to file a second or successive motion under § 2255. Petitioner appealed, and the Court's orders denying relief under § 2255, denying Petitioner's motion to reconsider, and denying other post-judgment motions were dismissed by the Fourth Circuit on March 21, 2011.

## DISCUSSION

Petitioner seeks an order from the Court compelling the United States Attorney's Office and the United States Probation Officer to perform their fiduciary duty to advocate for the enforcement of the plea agreement and to advocate for the correction of jurisdictional error by preventing further fraud upon the court. Petitioner's motion states specifically that "[t]his motion does not challenge conviction or sentence, this motion prays for correction of a defect in the integrity of the proceedings."

Though Petitioner has gone to great pains to distinguish this motion from a motion pursuant to § 2255, the Court can only conclude that the relief requested is that which would result from a successful motion to vacate, set aside, or correct sentence. Petitioner attacks the validity of his guilty plea, contending that he had agreed to plead guilty to the charges in his original indictment and not the superseding indictment with which he was subsequently charged. Petitioner asserts that his trial counsel never challenged the superseding indictment, and consequently Petitioner's sentencing guideline calculation by the US Probation Office was based on erroneous charges. Additionally, Petitioner asserts that the Government remained silent as to this mistake, and in so doing violated its fiduciary duty to Petitioner.

In essence, Petitioner challenges the validity of his sentence. Accordingly, the Court must re-characterize Petitioner's motion as a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. As Petitioner has raised these claims in an earlier filed § 2255 motion, the

2

instant motion is a second or successive § 2255 and must therefore be dismissed. *See* 28 U.S.C. § 2255(h) ("second or successive motion must be certified . . . by a panel of the appropriate court of appeals). Because the Court has found that the instant § 2255 petition is second or successive, Petitioner is not required to receive notice of the Court's re-characterization of the motion. *See United States v. Brown*, 132 F. App'x 430, 431 (4th Cir. 2005) (unpublished).

## CONCLUSION

Accordingly, the Court hereby re-characterizes the instant motion as a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 and Petitioner's Motion to Compel is DENIED. Because Petitioner's Motion under § 2255 is second or successive, and Petitioner has failed to receive certification to file such a motion from the Court of Appeals, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence is DISMISSED. As Petitioner has no pending motions before the Court at this time, Petitioner's Application for a Writ of Habeas Corpus ad Testificandum and Subpoena of Defense Counsel is DENIED AS MOOT.

### Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined Petitioner is not entitled to relief and the Government is entitled to dismissal of the petitions, the Court considers whether Petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealabilty may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have

been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack*, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." *Slack*, 529 U.S. at 484-85.

After reviewing the claims presented in the petition in light of the applicable standard, the Court finds reasonable jurists would not find the Court's treatment of any of Petitioner's claims debatable or wrong and none of the issue are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is DENIED.

SO ORDERED, this 18 day of January, 2012.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4