IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:04-CR-15-BO
No. 2:09-CV-55-BO

| | |
|---|---|
| THOMAS TRAY SHARMONE KEARNEY,  Petitioner, | )<br>)<br>)<br>) |
| v. | )    O R D E R |
| UNITED STATES OF AMERICA  Respondent | )<br>)<br>)<br>) |

This matter is before the Court on Petitioner's Motion to Protect the Constitutional Rights of the Indicted from Void Judgment [DE 148]. The government has responded [DE 151], and the matter is ripe for review. For the reasons discussed below, Petitioner's Motion is denied.

## BACKGROUND

Following indictment for robbery of a postal carrier and use of a firearm during a crime of violence, Petitioner was sentenced on February 18, 2005, to a total of 204 months in prison.[1] Petitioner subsequently filed a motion pursuant to 28 U.S.C. § 2255, which was dismissed by the Court on June 14, 2010. Since that time, Petitioner has filed several other motions, all of which have sought to challenge his conviction and sentence. The Court has re-characterized these motions as second or successive § 2255 petitions and dismissed them.

## DISCUSSION

Petitioner now seeks an order from the Court to protect his constitutional rights by

---

[1] The Court incorporates by reference the background of this matter as recited in its order entered on the docket on January 19, 2012 [DE 142].

recognizing the void judgment entered on February 18, 2005. Specifically, Petitioner contends that he pleaded guilty to counts of an indictment that were subsequently dismissed and is serving an active sentence on those dismissed counts.

Once again, the Court can only conclude that the relief requested is that which would result from a successful motion to vacate, set aside, or correct sentence. 28 U.S.C. § 2255. Petitioner attacks the validity of his guilty plea, contending that he agreed to plead guilty to the charges in his original indictment and not the superseding indictment with which he was subsequently charged. Accordingly, the Court must re-characterize Petitioner's motion as a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. As Petitioner has attacked the same judgment and conviction in an earlier § 2255 petition, the instant motion is a second or successive § 2255 petition. *See* 28 U.S.C. § 2255(h) ("second or successive motion must be certified . . . by a panel of the appropriate court of appeals). Absent pre-filing authorization from the Court of Appeals, this Court lacks jurisdiction to consider Petitioner's second or successive motion. *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003). Petitioner is not required to receive notice of the Court's re-characterization of the motion as the Court has found it to be second or successive. *See United States v. Brown*, 132 F. App'x 430, 431 (4th Cir. 2005) (unpublished).

## CONCLUSION

Accordingly, the Court hereby re-characterizes the instant motion as a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 and Petitioner's Motion is DENIED. Because Petitioner's Motion under § 2255 is second or successive, and Petitioner has failed to receive certification to file such a motion from the Court of Appeals, Petitioner's Motion to

2

Case 2:04-cr-00015-BO Document 152 Filed 06/26/12 Page 2 of 4

Vacate, Set Aside, or Correct Sentence is DISMISSED.

## Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined Petitioner is not entitled to relief and the government is entitled to dismissal of the petition, the Court considers whether Petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealabilty may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack*, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments."

*Slack*, 529 U.S. at 484-85.

After reviewing the claims presented in the petition in light of the applicable standard, the Court finds reasonable jurists would not find the Court's treatment of any of Petitioner's claims debatable or wrong and none of the issue are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is DENIED.

SO ORDERED, this **26** day of June, 2012.

                                                TERRENCE W. BOYLE
                                                UNITED STATES DISTRICT JUDGE