IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:04-CR-15-BO
No. 2:16-CV-71-BO

| | | |
|---|---|---|
| THOMAS TRAY SHARMONE KEARNEY, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

This cause comes before the Court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. [DE 167]. The stay previously entered in this matter has been lifted and the parties have been permitted to file supplemental briefing.[1] For the reasons that follow, petitioner's § 2255 motion is DENIED.

## BACKGROUND

Petitioner, Kearney, was sentenced on February 18, 2005, to a total term of 204 months' imprisonment following his plea of guilty to counts one and two of a superseding indictment charging robbery of a postal carrier and aiding and abetting (count one), 18 U.S.C. §§ 2114(a) and 2; and using and carrying a firearm during and in relation to a crime of violence (count two), 18 U.S.C. § 924(c)(1)(A). Kearney was sentenced to 120 months' imprisonment on count one and 84 months on count two, to be served consecutively. [DE 43].

---

[1] In response to the Court's order for supplemental briefing, respondent filed a motion to dismiss, [DE 178], which the Court CONSTRUES as its response to the Court's order. Accordingly, the clerk is DIRECTED to terminate as pending the motion to dismiss.

Kearney filed a *pro se* 28 U.S.C. § 2255 motion challenging his § 924(c) conviction on count two, arguing that it was based on the unconstitutionally vague residual clause of 18 U.S.C. § 924(c)(3) in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). Upon a motion by the government, the case was stayed on November 15, 2016, to await decisions by the Fourth Circuit in *United States v. Walker*, 934 F.3d 375 (4th Cir. 2019), and *United States v. Simms*, 914 F.3d 229 (4th Cir. 2019). Although *Simms* was decided on January 24, 2019, the mandate in *Simms* was stayed to await the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019). Following the Supreme Court's decision in *Davis* and the Fourth Circuit's mandate in *Simms*, this Court *sua sponte* lifted the stay in this matter and ordered additional briefing. In this posture, the § 2255 motion is ripe for adjudication.

## DISCUSSION

A motion under 28 U.S.C. § 2255 will be granted where the petitioner has shown that his sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose the sentence, that the sentence was in excess of the maximum sentence authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

A defendant shall be subject to a consecutive sentence if he "during and in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm or who, in furtherance of any such crime, possesses a firearm . . .." 18 U.S.C. § 924(c)(1)(A). The predicate offense for Kearney's conviction under 18 U.S.C. § 924(c) for using and carrying a firearm during and in relation to a crime of violence is his robbery of a postal carrier charge in count one. Section 924(c) defines a crime of violence as a felony offense that

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another [the force clause], or

2

> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense [the residual clause].

18 U.S.C. § 924(c)(3)(A)-(B). Although the residual clause of § 924(c)(3) is now invalid, *Davis*, 139 S. Ct. at 2336; *Simms*, 914 F.3d at 252, the Court determines that Kearney's conviction for robbery of a postal carrier is a crime of violence under the force clause, and is therefore a proper § 924(c) predicate offense. Section 2114(a) of Title 18 provides that

> A person who assaults any person having lawful charge, control, or custody of any mail matter or of any money or other property of the United States, with intent to rob, steal, or purloin such mail matter, money, or other property of the United States, or robs or attempts to rob any such person of mail matter, or of any money, or other property of the United States, shall, for the first offense, be imprisoned not more than ten years; and if in effecting or attempting to effect such robbery he wounds the person having custody of such mail, money, or other property of the United States, or puts his life in jeopardy by the use of a dangerous weapon, or for a subsequent offense, shall be imprisoned not more than twenty-five years.

18 U.S.C. § 2114(a). Courts considering § 2114(a) agree that it is divisible – that it lists multiple, alternative elements – and thus when considering whether it encompasses a crime of violence courts have applied the modified categorical approach. *See, e.g., Dorsey v. United States*, No. 1:16-CV-738 (LMB), 2019 WL 3947914, at *3 (E.D. Va. Aug. 21, 2019); *see also Descamps v. United States*, 570 U.S. 254, 257 (2013); *United States v. Gomez*, 690 F.3d 194, 198 (4th Cir. 2012). "Under the modified categorical approach, [courts] look only to the fact of conviction and the statutory definition of the prior offense, and [] generally do not consider the particular facts disclosed by the record of conviction." *Gomez*, 690 F.3d at 198 (internal quotations and citation omitted).

Kearney was charged with "rob[bing] a person of money and other property of the United States, said person having lawful charge, control, and custody of said money and property, and did aid and abet others in so doing . . .." [DE 25]. Kearney's judgment reflects that he was convicted

of robbery of a postal carrier and aiding and abetting. [DE 43]. Although the court of appeals has not addressed this issue specifically, the Court, relying on the appellate court's reasoning in similar contexts, concludes that robbery of a postal carrier under § 2114(a) is a proper crime of violence predicate under the force clause of § 924(c). *See, e.g., United States v. McNeal*, 818 F.3d 141, 152-53, 157 (4th Cir. 2016) (unarmed bank robbery is a crime of violence); *see also Stokeling v. United States,* 139 S. Ct. 544, 553 (2019) ("Robbery thus has always been within the 'category of violent, active crimes' that Congress included in ACCA.") (citation omitted); *United States v. Enoch*, 865 F.3d 575, 582 (7th Cir. 2017) (Ripple, J. concurring) (robbery, as it has been used across federal statutes, qualifies as a crime of violence predicate under § 924(c)). Kearney's § 924(c) conviction therefore stands.

## Certificate of Appealability

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). As reasonable jurists would not find this Court's dismissal of petitioner's § 2255 motion debatable, a certificate of appealability is DENIED.

## CONCLUSION

Accordingly, for the foregoing reasons, petitioner's motion to vacate, set aside, or correct sentence [DE 167] is DENIED. The clerk is further DIRECTED to terminate as pending

respondent's motion to dismiss which has been construed as a response to the Court's order. A certificate of appealability is DENIED.

SO ORDERED, this 26 day of September, 2019.

Terrence W. Boyle
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE